UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SAMUEL GHALY, et al.,**

        **Plaintiffs,**

**v.**                                                                                  **Case No. 6:24-cv-629-CEM-UAM**

**SUN PACK AND SHIP, INC.,**

        **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Amended Motion to Dismiss ("Motion," Doc. 19), to which Plaintiffs filed a Response (Doc. 25), and Defendant filed a Reply (Doc. 31). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 33), recommending that the Motion be denied, (*id.* at 15). Defendant filed Objections (Doc. 36).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed this action to confirm the entry of an *ex parte* arbitration award. (Pet., Doc. 1). Despite Defendant receiving notice of the proceedings, it elected not to participate. (Doc. 33 at 12). Hence, the *ex parte* nature of the proceedings. Defendant then moved to dismiss Plaintiff's Petition. (Doc. 16). The Magistrate Judge recommended the Motion be denied. (Doc. 33 at 15). Defendant objects to the R&R, arguing that it "improperly analyzed the subject arbitration provision" and "incorrectly concluded that the arbitration could proceed *ex parte* and result in a confirmable award." (Doc. 36 at 4).

Relying on *Booth v. Hume Publishing, Inc.*, 902 F.2d 925 (1990), Defendant argues that absence of express language in the arbitration provision as to whether the arbitration award is binding and final precludes judicial confirmation of the award. Yet Defendant fails to grapple with later binding precedent cited by the Magistrate Judge. The Eleventh Circuit has held "that an arbitrator's order is binding on the parties *unless they expressly agree otherwise*, and does not require affirmation from a court to take effect." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1150 (11th Cir. 2005) (emphasis added). Defendant's personal interpretation of 9 U.S.C. § 9 notwithstanding, Defendant has pointed to no other

argument or evidence that the parties ever expressly agreed that the arbitrator's order would not be binding.

Defendant argues that despite the provision's incorporation by reference of the AAA's Commercial Arbitration Rules ("AAA Rules"), the award cannot be confirmed because the rule "directly conflicts with the language of the Arbitration Provision." (Doc. 36 at 6). The relevant part of the provision states:

> Such arbitration proceedings will be conducted in such office, except as otherwise provided in this Agreement, will be heard by one (1) arbitrator in accordance with the then current commercial arbitration rules of the American Arbitration Association. All matters relating to arbitration will be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 *et. seq.*) and not by any state arbitration law.

(Doc. 1-1 at 11). However, Defendant fails to show any direct conflict between the language of AAA Rule 54(c)—which provides for entry of the arbitral award by a federal court with jurisdiction[1]—and the arbitration provision—which is silent as to judicial confirmation of the award. Nor does Defendant show that the arbitration clause in anyway provides otherwise than what is spelled out in the AAA Rules. And it is not apparent to the Court that it does or that Defendant can.

Defendant takes issue with the Magistrate Judge's citation to cases that do not involve the exact language of the arbitration provision. However, the case cited by

---

[1] The governing rules are accessible at https://www.adr.org/sites/default/files/ CommercialRules_Web_1.pdf. R-54(c) provides: "Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

Defendant not only involves an agreement governed by the *Florida* Arbitration Act but also has stronger language resolving conflicts in favor of the arbitration agreement rather than the arbitration rules. *See Osprey Health Care Ctr., LLC v. Pascazi by & through Outwater*, 329 So. 3d 177, 184–86 (Fla. 2d DCA 2021) ("Arbitrations pursuant to this agreement shall be conducted in accordance with the procedures set forth in [the rules], except where the rules conflict with this agreement, in which case the terms of this agreement shall govern." (alteration in original)).

Defendant also takes issue with the Magistrate Judge's reliance on *P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861 (10th Cir. 1999) in distinguishing an earlier Tenth Circuit case upon which Defendant relied. In that case, the court held that "[a] party who consents by contract to arbitration before the AAA also consents to be bound by the procedural rules of the AAA, unless that party indicates otherwise in the contract." *Id.* at 867. Defendant maintains its argument that the instant arbitration provision has indicated otherwise but fails to explain how. The Court has already rejected this argument, and there is little reason to rehash its reasoning.

Then Defendant goes on to makes an unsupported argument that the R&R applies AAA Rules that implicate Defendant's substantive rights rather than procedural rights. (Doc. 36 at 7). The Court rejects that argument for two reasons. First, a district court may decline to consider arguments raised for the first time in

an objection an R&R. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014). Second, "a party must do more than merely raise the issue in a perfunctory manner, without supporting arguments and citation to authorities." *W. Sur. Co. v. Steuerwald*, 760 F. App'x. 810, 818 (11th Cir. 2019).

Finally, Defendant objects to the *ex parte* nature of the proceeding on the grounds that the provision's silence as to a party proceeding *ex parte* puts it in conflict with the AAA Rules. This argument is also entirely unsupported, and so, it will be rejected. *Steuerwald*, 760 F. App'x. at 818.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering the Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objections (Doc. 36) are **OVERRULED**.

2. The Report and Recommendation (Doc. 33) is **ADOPTED** and made a part of this Order.

3. Defendant's Amended Motion to Dismiss (Doc. 19) is **DENIED**.

4. This matter is set for a telephonic status conference **on March 20, 2025 at 2:00 PM.** The parties shall call 855-244-8681 five minutes before the hearing is scheduled to begin. Access Code: 2306 122 2634.

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record